R. R. HALTON, ADMINISTRATOR, v. LAWSON SIMMELL.

1. CLAIMS AGAINST ESTATES.—A contract by a widow for labor will not bind the estate of the deceased husband, although done for the benefit of the estate.
2. SAME.—The widow, on paying for such labor, could compel payment out of the assets of the estate.

APPEAL from Rusk.  Tried below before the Hon. M. D. Ector.

Simmell sued Laller's administrator upon an account extending for several years, claiming a balance of $150. Among the items was a charge for taking care of the *stock horses* belonging to the estate after Laller's death, continuing in the business on contract with Fanny Laller, the widow, who did not administer on the estate, but kept the property during her life.  After her death, Halton

obtained letters of administration, and made some efforts to settle Simmell's account. An ineffectual arbitration was shown, failing from fault of plaintiff.

On the trial defendant objected to evidence proving the item for keeping the stock on contract with the widow after the death of Laller.

There was a verdict and judgment for plaintiff for sixteen dollars. The administrator appealed.

*N. J. Bagby,* for appellant.

*Drury Field,* for appellee.

Ireland, Associate Justice.—We will not undertake to say that in no case could an administrator be held liable in equity for labor and care to the property of the intestate when done and performed at the instance and request of the widow before administration granted. Certainly in this case the widow was responsible to plaintiff on her contract, and had he sought and obtained payment from her she might thereafter have compelled the estate to reimburse her for what she had expended for the benefit of the estate.

While it does appear that the administrator undertook to settle plaintiff's account, including the items bearing date after Laller's death, still when formally presented to him he rejected them, and the mere fact of undertaking an amicable adjustment, to which plaintiff himself refused to submit, would not work an estoppel as against the administrator.

The defendant objected to the evidence in proof of the account created after the death of Laller, and his objections were overruled. He excepted, and this ruling of the court is assigned as error. As the case is presented by the pleadings, we believe the admission of this testimony was erroneous, and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.